IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHARLES EVANS ) <br> (#2014-0521224), ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> OFFICER ANDREW GASCA, STAR# 13944,) <br> OFFICER MARK KOCHRAN, STAR#1316, ) <br> OFFICER MARK LONSKI, STAR#21113 ) <br> AND THE CITY OF CHICAGO, ) <br> ) <br> Defendants. ) | 14 cv 10518 <br><br> Judge Thomas Durkin <br><br> Magistrate Judge Brown |

**FIRST AMENDED COMPLAINT AT LAW**

NOW COMES the Plaintiff, Charles Evans, by his Court appointed attorneys, Kitch Drutchas Wagner Valitutti & Sherbrook, complaining of the Defendants, Officers Andrew Gasca, Mark Kochran and Mark Lonski (collectively "Defendant Officers"), individually, and the City of Chicago, as follows:

**INTRODUCTION**

1. This action is brought pursuant to 42 U.S.C. §1983 to address deprivations of Plaintiff's rights under the Constitution of the United States.

**JURISDICTION**

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act 42 U.S.C. §1983 and the Constitution of the United States.

**VENUE**

3. Venue is proper under 28 U.S.C. §1391. All of the parties reside in this judicial district and the events described herein all occurred within this district.

**THE PARTIES**

4. The Plaintiff, Charles Evans, also known as "Junior" or "June" or "Smoke" was at all relevant times a resident of Chicago, Illinois, living at 6516 South Winchester Avenue in Chicago, IL 60636.

5. The Defendants, Officers Gasca, Kochran and Lonski, were at all relevant times duly appointed officers of the City of Chicago, and at all times were acting within the scope of employment and under color of law.

6. Defendant, City of Chicago, is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant officers.

**FACTS**

7. At all relevant times in September 2013, Plaintiff worked as a security officer for Sam's Mini Mart, located at 1822 West 63rd Street, Chicago, IL 60636.

8. On the morning of September 16, 2013, Plaintiff received a call from his employer that the alarm system at Sam's Mini Mart had been activated and Plaintiff was instructed to investigate.

9. When Plaintiff arrived at Sam's Mini Mart he discovered that the front window at the Mini Mart was broken. He entered the Mini Mart through the broken window to investigate and when he left the building he was arrested by Officers Gasca and Kochran even though he advised both officers that he was employed by the Mini Mart and instructed to investigate.

10. Plaintiff remained in the Cook County Jail for over four months despite advising the Defendant Officers, including Officer Lonski, that Plaintiff worked at Sam's Mini Mart as a security officer.

11. The Defendants investigated the incident and secured a surveillance tape from Sam's Mini Mart. The surveillance tape revealed that a hooded individual initially broke the glass window at the Mini Mart, jumped over the counter, took cash and then left the store.

12. Per the surveillance tape, Plaintiff then entered the Mini Mart after the initial robbery to investigate. Plaintiff secured a BB gun behind the counter as well as a bucket of change, which he left inside the store.

13. Plaintiff was arrested when he walked out of the Mini Mart by Officers Gasca and Kochran despite advising both officers that he worked at the Mini Mart and was instructed to investigate.

14. On October 11, 2013, Officer Lonski testified before Judge Sandra Ramos that he had reviewed the surveillance tape at issue and apparently spoke with Mr. Mohamed Abdallah, the owner of Sam's Mini Mart, who told him that Plaintiff, Charles Evans, did not work at the store. A copy of the October 11, 2013 proceedings is attached hereto as Exhibit A.

15. Based on Officer Lonski's testimony, Judge Ramos found probable cause for the arrest. See Exhibit A.

16. Plaintiff remained incarcerated pending a trial in his case.

17. On January 17, 2014, after Plaintiff had been incarcerated at the Cook County Jail for over 4 months, Plaintiff was tried for burglary on a bench trial before Judge Lawrence Flood. A copy of the trial proceedings is attached as Exhibit B.

18. The People of Illinois' only witness was Mr. Mohamed Abdallah, who was the Store Manager at Sam's Mini Mart.

19. Mr. Abdallah testified that Charles Evans, also known as "Junior," "June" or "Smoke" was an employee at the Mini Mart and had authorization to enter the store and investigate the crime. See Exhibit B.

20. Mr. Abdallah testified that Plaintiff had authorization to enter the premises, secure the BB gun and the bucket of coins. See Exhibit B.

21. At no time did Defendants show Mr. Abdallah a picture of Plaintiff or advise Mr. Abdallah of Plaintiff's aliases in order to confirm Plaintiff's identity as a duly authorized employee at the Mini Mart. See Exhibit B.

22. After calling Mr. Abdallah to the stand the People of the State of Illinois dismissed the case nolle pros. See Exhibit B.

**COUNT I – FALSE ARREST**

23. Plaintiff hereby incorporates all previous paragraphs 1-22 as though fully set forth herein.

24. As described above, Defendant officers arrested, detained and imprisoned Plaintiff without justification and without probable cause, thus violating Plaintiff's rights under the Fourth and Fourteenth Amendments.

25. Said actions by the Defendant officers were not objectively reasonable under the circumstances.

26. Such actions by the Defendant officers were intentional, willful and wanton and committed with reckless disregard of Plaintiff's rights.

27. As a direct and proximate cause of the conduct of Defendant Officers, Plaintiff suffered damages, including without limitation, violations of his civil rights, loss of liberty, emotional anxiety, fear, pain and suffering and loss of income.

WHEREFORE, Plaintiff prays for judgment against the Defendant Officers, joint and severally, for an award of reasonable compensatory and punitive damages, plus attorney's fees and costs.

## COUNT II – INDEMNIFICATION

28. Plaintiff hereby incorporates all previous paragraphs 1-27 as though fully set forth herein.

29. At all relevant times, Defendant, City of Chicago was the employer of Defendant Officers.

30. The Defendant Officers committed the acts alleged above under the color of law and in the scope of their employment as employees of the City of Chicago.

31. In Illinois, public entities are directed to pay for any tort judgment for compensatory damages for which their employees are liable to pay within the scope of their employment activities.

32. As a proximate cause of the Defendant Officer's unlawful acts, which occurred within the scope of their employment, Plaintiff was injured.

WHEREFORE, should one or more of the Defendant Officers be found liable on one or more of the federal claims set forth herein, Plaintiff demands, pursuant to 745 ILCS 10/9-102 that Defendant, City of Chicago be found liable to pay for any judgment for compensatory damages

Plaintiff obtains against said Defendants, plus attorneys' fees and costs awarded any such offer relief this Court deems just and equitable.

## JURY DEMAND

Plaintiff demands a trial by jury.

                                                      KITCH DRUTCHAS WAGNER
                                                      VALITUTTI & SHERBROOK

                              By:     /s/ Michael T. Walsh_____
                                               MICHAEL T. WALSH (6208000)
                                               20 North Clark Street, Suite 600
                                               Chicago, IL 60602
                                               (312) 621-7981

                                               Attorneys for Plaintiff, Charles Evans